**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-5133**

UNITED STATES OF AMERICA,

     Plaintiff – Appellee,

  v.

BRADLEY MAURICE JAMES,

     Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (7:09-cr-00050-F-2)

Submitted:  June 15, 2012      Decided:  July 20, 2012

Before DAVIS and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jorgelina E. Araneda, ARANEDA LAW FIRM, PC, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Bradley Maurice James of one count of possession with intent to distribute more than fifty kilograms of marijuana, and aiding and abetting the same, 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and one count of possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c). Following these convictions, the district court sentenced James to 123 months' imprisonment. James noted a timely appeal, and, in July 2011, we affirmed his convictions, vacated his sentence, and remanded his case for resentencing, because the district court failed to offer any explanation for its chosen sentence. On remand, James once again was sentenced to 123 months' imprisonment. He noted a timely appeal. We affirm.

James challenges the procedural reasonableness of the sentence imposed by the district court on remand. We review a sentence imposed by the district court for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). "We review factual findings for clear error, and legal conclusions de novo." United States v. Davis, 679 F.3d 177, 2012 WL 1608607, at *4 (4th Cir. May 9, 2012).

Our appellate review entails consideration of both the procedural and substantive reasonableness of the sentence.

Gall, 552 U.S. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's Sentencing Guidelines range, treated the Guidelines as mandatory, considered the 18 U.S.C. § 3553(a) sentencing factors, selected a sentence based on clearly erroneous facts, or failed to explain sufficiently the selected sentence. Id. at 49-51. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted).

James contends that the district court failed to state individualized reasons for the sentence imposed on the possession with intent to distribute more than fifty kilograms of marijuana count of conviction. In making this contention, James acknowledges that the district court "did make some statements about [him] and his background . . . , [but] it was still insufficient and did not meet the standard required by the Fourth Circuit." Appellant's Br. at 59.

The "individualized assessment need not be elaborate or lengthy, but it must provide a rationale tailored to the particular case at hand and adequate to permit 'meaningful appellate review.'" Carter, 564 F.3d at 330 (quoting Gall, 552 U.S. at 51). At resentencing, the district court noted that

James possessed a large quantity of marijuana and possessed a firearm in conjunction with drug trafficking. The district court also noted that James had no meaningful employment history, yet he possessed a vehicle worth approximately $30,000.00 for which he put approximately $8,000.00 down. The district court explained that the lack of employment and the cost of the vehicle meant that James had been "involved in the drug business for quite some time." (J.A. 410). Additionally, based on witness trial testimony, the district court found that James was a "big dealer," (J.A. 411), warranting a higher sentence. The district court's comments and findings on the factors influencing sentencing are sufficient to permit meaningful appellate review. The district court considered James' arguments for a lower sentence, but simply rejected them in favor of a sentence at the high-end of the Guidelines range. Accordingly, the sentence is procedurally reasonable.[*]

---

[*] James also raises an ineffective assistance of counsel claim on appeal. An ineffective assistance of counsel claim generally should be raised in a motion under 28 U.S.C. § 2255 in the district court. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). Although an ineffective assistance claim may be cognizable on direct appeal if "it conclusively appears from the record that defense counsel did not provide effective representation," id. (citation and internal quotation marks omitted), it does not conclusively appear on the record that counsel provided ineffective representation. Accordingly, the ineffective assistance of counsel claim is not cognizable in this appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>